J-S58036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEVEN CRAIG MORRISON | |
| Appellant | No. 393 MDA 2016 |

Appeal from the Order Entered February 4, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0003060-1992

BEFORE:  GANTMAN, P.J., BOWES, J., and PLATT, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED AUGUST 02, 2016**

Appellant, Steven Craig Morrison, appeals *pro se* from the order entered in the Lancaster County Court of Common Pleas, which dismissed his *pro se* serial petition for collateral relief (labeled a petition for writ of *habeas corpus*), per the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On July 13, 1993, Appellant pled guilty to statutory rape, aggravated indecent assault, indecent assault, and corruption of minors. The court sentenced Appellant on August 27, 1993, to an aggregate term of 9½-30 years' imprisonment.  This Court affirmed the judgment of sentence on March 29, 1994.  ***See Commonwealth v. Morrison***, 644 A.2d 807 (Pa.Super. 1994).  Appellant did not seek further direct review.  On July 5, 1994, Appellant timely filed his first PCRA petition *pro se*.  The court

_____

*Retired Senior Judge assigned to the Superior Court.

appointed counsel, who filed an amended petition. Following a hearing, the court denied PCRA relief on February 13, 1995. Appellant did not appeal that decision. From 1995 to 2015, Appellant filed numerous PCRA petitions and applications for relief, none of which were successful. On February 3, 2016, Appellant filed the current *pro se* PCRA petition, which he styled as a petition for writ of *habeas corpus*. The court denied relief the next day. Appellant timely filed a *pro se* notice of appeal on February 23, 2016.[1]

Preliminarily, any petition for post-conviction collateral relief will generally be considered a PCRA petition, even if captioned as a request for *habeas corpus* relief, if the petition raises issues for which the relief sought is available under the PCRA. **See Commonwealth v. Peterkin**, 554 Pa. 547, 722 A.2d 638 (1998); 42 Pa.C.S.A. § 9542 (stating PCRA shall be sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for same purpose). As well, the timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Turner**, 73 A.3d 1283 (Pa.Super. 2013), *appeal denied*, 625 Pa. 649, 91 A.3d 162 (2014). A

---

[1] On March 7, 2016, the court ordered Appellant to file a concise statement per Pa.R.A.P. 1925(b). The certified docket entries indicate Appellant filed a concise statement on April 6, 2016, but none appears in the record. On May 27, 2016, Appellant filed a *pro se* application for relief in this Court claiming, *inter alia*, he delivered his concise statement to prison authorities for mailing on March 10, 2016. Appellant filed another *pro se* application for relief on June 6, 2016. Due to our disposition that Appellant's current PCRA petition is untimely, we need not address whether Appellant complied with the court's Rule 1925(b) order; and we deny Appellant's applications for relief.

PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The exceptions to the PCRA time-bar allow for very limited circumstances under which the late filing of a petition will be excused; a petitioner asserting an exception must file a petition within 60 days of the date the claim could have been presented. **See** 42 Pa.C.S.A. § 9545(b)(1-2).

Instantly, Appellant claims some of his convictions should have merged for sentencing purposes. Appellant's challenge to the legality of his sentence is cognizable under the PCRA. **See generally Commonwealth v. Fowler**, 930 A.2d 586 (Pa.Super. 2007), *appeal denied*, 596 Pa. 715, 944 A.2d 756 (2008) (holding any collateral attack on legality of sentence must be raised in PCRA petition). Thus, the court should have treated Appellant's most recent prayer for collateral relief as a PCRA petition.[2] **See Peterkin, supra**. Further, although challenges to the legality of a sentence are subject to review within the PCRA, a petition asserting those claims must

_____

[2] It is unclear from the record whether the court treated Appellant's petition as a PCRA petition. Additionally, the court failed to issue notice per Pa.R.Crim.P. 907. Nevertheless, Appellant has not raised this issue on appeal, so he waived any defect in notice. **See Commonwealth v. Taylor**, 65 A.3d 462 (Pa.Super. 2013) (explaining appellant's failure to raise on appeal PCRA court's failure to provide Rule 907 notice results in waiver of claim). Moreover, failure to issue Rule 907 notice is not reversible error where the record is clear that the petition is untimely. **Id.**

first satisfy the PCRA time limits or demonstrate the application of a statutory timeliness exception. ***Fowler, supra*** at 592. Here, Appellant's judgment of sentence became final on April 28, 1994, upon expiration of the time to file a petition for allowance of appeal with our Supreme Court. ***See*** Pa.R.A.P. 1113. Appellant filed the current, *pro se* serial petition for collateral relief on February 3, 2016, which is patently untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Significantly, Appellant did not acknowledge the untimeliness of his petition or assert any of the exceptions required to revive an otherwise untimely PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Thus, Appellant's petition remains untimely. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/2/2016

- 4 -